UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

SUSAN SHAW,

    Plaintiff,

v.                                                                           CASE NO. 2:10-CV-125-FtM-36SPC

MICHAEL ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## ORDER

This matter is before the Court for consideration of the Report and Recommendation of Magistrate Judge Sheri Chappell filed on January 3, 2011 (Dkt. 22), recommending that the Commissioner of Social Security's decision to deny Plaintiff's Claim for Disability Insurance be affirmed. Plaintiff filed objections on January 11, 2011 (Dkt. 23). The Report and Recommendation is now ripe for review.

**I.**     **Standard of Review**

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon the proper legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence that a reasonable person would accept it as adequate to support a conclusion. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *Crawford*, 363 F.3d at 1158. The Court does not decide "facts anew, make credibility judgments, re-weigh the evidence," or substitute its judgment for that of the Commissioner. *Moreno v. Astrue*, 366 Fed.

Appx. 23, 27 (11th Cir. Feb. 12, 2010); *see Moore*, 405 F.3d at 1211; *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. *Dyer*, 395 F.3d at 1210; *Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1282 (11th Cir. 2004); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

## II.     Analysis

The Report and Recommendation rejected Plaintiff's claims of error made by the Administrative Law Judge (ALJ). Plaintiff contends that the Magistrate Judge misconstrued her arguments challenging the ALJ's determinations relating to the severity of her mental impairment. Plaintiff further objects to the Magistrate Judge's findings because "Dr. Foster did not examine Plaintiff – he merely reviewed the file and based his opinion on that . . . ."; and "Dr. Foster is not a physician – he is a psychologist and does not hold a medical degree, according to the evidence of record. He holds a PhD in psychology." (Dkt. 23, pp. 4-5).

To clarify her argument, Plaintiff states that the ALJ's finding that her mental impairment was not severe was based on a faulty argument because he gave great weight to the state agency opinions only when they agreed with his opinion (Dkt. 23, p. 4). The ALJ may rely upon non-examining sources when their opinions do not conflict with those of examining sources. *See Miler v. Barnhart*, 275 Fed. Appx. 947, 948 (11th Cir. May 2, 2008)(citing *Edwards v. Sullivan*, 937, F.2d 580, 584-85 (11th Cir. 1991)("The ALJ may rely on opinions of non-examining sources when they do not conflict with those of examining sources."). Here, Dr. Dow's opinion as a non-examining psychologist conflicts with Dr. Borkosky's opinion as an examining psychologist. The ALJ is permitted to rely on Dr. Borkosky's opinion and those opinions of non-examining sources that do

not conflict with that opinion. Furthermore, the ALJ may discount an opinion or report if it is unsupported by objective evidence, supports a contrary finding, or is wholly conclusory. *See Schnorr v. Bowen*, 816 F.3d 578, 582 (11th Cir. 1987)("The Secretary properly discounted [a treating physician's opinion] that [the claimant] was totally disabled because it was not supported by objective medical evidence and was merely conclusory); *Wheeler v. Heckler*, 784, F.2d 1072, 1075 (11th Cir. 1986)("The weight afforded to a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.")(citation omitted). The ALJ also found that Dr. Dow's opinion was not supported by the record (Tr. Pp. 13-14; 18-19).

Second, Plaintiff is correct in noting that Dr. Foster did not examine Plaintiff. However, this error is harmless because it does not affect the end result. *See Perry v. Astrue*, 280 Fed. Appx. 887, 893 (11th Cir. 2008)(applying the harmless error doctrine to an ALJ's determination in a social security case; *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)(same); *Jordan v. Astrue*, 617 F. Supp. 2d 1154, 1164 (M.D. Fla. 2008)(same). Dr. Foster and Dr. Dow were file-reviewing psychologists and did not examine Plaintiff. As noted by the Magistrate Judge, the ALJ properly relied on the opinion of Dr. Borkosky, the examining psychologist, and gave his opinion more weight than the non-examining psychologists. *See Sharfaz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987)("The opinions of nonexamining, reviewing physicians . . . when contrary to those of the examining physicians, are entitled to little weight, and standing alone do not constitute substantial evidence."). Therefore, referring to Dr. Foster as an examining psychologist is a harmless error.

Third, the fact that Dr. Foster is not a physician and does not have a medical degree is irrelevant. Dr. Foster holds a Ph.D., Dr. Dow holds a Ph.D., and Dr. Borkosky holds a Psy.D. (Tr.

377-93, 416-33). All of these individuals are psychological consultants who were asked to make a determination as to the severity of Plaintiff's mental impairment. 20 C.F.R. § 404.1527(f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

Plaintiff did not specifically object to any other portion of the Magistrate Judge's Report and Recommendation (Dkt. 23, p. 5)[1]. Upon consideration of the Report and Recommendation and Plaintiff's objections thereto, and upon this Court's independent examination of the file, it is determined that the Report and Recommendation (Dkt. 22) should be adopted with the correction noted above.

**ACCORDINGLY**, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation of the Magistrate Judge (Dkt. 22) is **ADOPTED, CONFIRMED,** and **APPROVED.**

2. The decision of the Commissioner of the United States Social Security Administration is **AFFIRMED**.

3. The Clerk is directed to enter judgment in favor of Defendant, terminate all pending motions and **CLOSE** this case.

---

[1] Plaintiff restates other arguments made in the memorandum of law filed in support of her complaint (Dkt. 23, p. 5), which were rejected by the Magistrate Judge. As the ALJ's decision is supported by substantial evidence, the Magistrate Judge's recommendation will be affirmed.

**DONE AND ORDERED** at Ft. Myers, Florida, on March 22, 2011.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
COUNSEL OF RECORD